IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ONTA WILLIAMS,**

                Petitioner,

        v.                              CASE NO. 18-3291-JWL

**UNITED STATES OF AMERICA,**

                Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody, proceeds pro se and submitted the filing fee.

### Background

In 2010, petitioner was convicted in the U.S. District Court for the Southern District of New York on seven counts of domestic terrorism offenses. *United States v. Cromitie, et al.*, 727 F.3d 194 (2d Cir. 2013)(affirming convictions of petitioner and co-defendants). The U.S. Supreme Court denied their separate petitions for certiorari in 2014. *See, e.g., Williams v. U.S.*, 135 S.Ct. 54 (2014).

Petitioner then unsuccessfully sought relief under 28 U.S.C. §2255, claiming, in his initial motion, entrapment and selective prosecution based upon his religion; and in an addendum, that he received ineffective assistance of counsel. *Williams v. United States*, 2017 WL 4326050 (S.D.N.Y. Sep. 19, 2007), *appeal dismissed* (2d Cir., Dec. 14, 2017).

In this action, petitioner asserts that there was no federal jurisdiction is his case. At Ground One, he states: "My arrest was not privileged to the United States of America, and my subsequent

conviction violated the narrow-federal state balance. See United States v. Fenton, 10 F.Supp. 2d 501 (W.D. Pa. 1998)[1]." (Doc. #4, p. 5.) As supporting facts, petitioner states: "I was arrested and charged by the Federal Bureau of Investigations. I was prosecuted in the United States District Court for the S.D.N.Y."[2] *Id*.

**Discussion**

To obtain habeas corpus relief, a petitioner must show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal prisoner who challenges the validity of a federal conviction after the conclusion of direct appeal ordinarily must proceed under a motion filed under 28 U.S.C. § 2255 in the district of conviction. In contrast, a federal prisoner may file a petition under § 2241 in the district of incarceration to challenge the execution of a sentence. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).

Petitioner's claim alleging a lack of federal jurisdiction in his criminal case does not implicate the execution of his sentence; rather, it is a challenge to the validity of his conviction.

As noted, a motion under § 2255 is the primary remedy for a federal prisoner to attack the validity of a conviction or sentence. *See Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). In "rare circumstances, a prisoner may attack his underlying conviction by bringing a § 2241 habeas corpus application under the saving clause in § 2255(e)." *Hale*

---

[1] *United States v. Fenton* addressed the meaning of "official" in 18 U.S.C. § 114, a statute criminalizing the act of threatening to assault, kidnap, or murder an official and held that a legislative aide was not an "official" within the meaning of the statutory scheme of 18 U.S.C. § 114 and § 115. Petitioner's reliance on *Fenton* is unavailing, as that decision was overruled by *United States v. Bankoff*, 613 F.3d 358 (3d Cir.), *cert. denied*, 562 U.S. 1085 (2010).
[2] In an earlier petition, petitioner presented substantially the same claim, stating "A fair reading of statutes must be certain of Congress's intent before finding that federal law overrides the usual constitutional balance of federal and state powers. My arrest was not privileged to the United States of America." (Doc. #3, p. 6).

v. *Fox*, 829 F3d 1162, 115 (10th Cir. 2016)(citation and quotation omitted).

However, "[t]o invoke the saving clause, there must be something about the initial § 2255 procedure that itself is inadequate or ineffective for testing a challenge to detention." *Prost*, 636 F.3d at 589. The fact that a petitioner was unsuccessful in a motion filed under § 2255 is not sufficient to satisfy the savings clause, which guarantees process, not results. *Id*. In the Tenth Circuit, absent a showing that the remedy under § 2255 is inadequate or ineffective, a district court has no statutory jurisdiction over a motion filed under § 2241. *Prost*, 636 F.3d at 590.

Petitioner suggests no reason why the motion remedy under § 2255 was inadequate or ineffective, and his bare claim of actual innocence does not bring his motion under § 2241 within the scope of the savings clause. *Abernathy v. Wandes*, 713 F.3d 538, 548 n. 7 (10th Cir. 2013)("Under the *Prost* framework, a showing of actual innocence is irrelevant.").

Having considered the record, the Court concludes it lacks statutory jurisdiction over petitioner's motion under § 2241 and that the petition must be dismissed on that basis.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is dismissed for lack of statutory jurisdiction.

**IT IS SO ORDERED.**

DATED: This 3d day of January, 2019, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
U.S. District Judge